BERTHA LOCKETT
v.
CARLA HARTENSTINE, ERNEST E. HARTENSTINE, STATE FARM INSURANCE COMPANY AND PROGRESSIVE SECURITY INSURANCE COMPANY.
No. 2008 CA 1633.
Court of Appeals of Louisiana, First Circuit.
June 19, 2009.
Not Designated for Publication
CHARLES V. TAYLOR, and JOHNNIE L. MATTHEWS, Attorneys for Plaintiff-Appellant, Bertha Lockett.
KATHERINE M. LAPORTE, Terry J. Butcher and Associates, Attorney for Defendants-Appellees, Carla Hartenstine and State Farm Mutual Automobile Insurance Company.
Before: PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
Bertha Lockett appeals a judgment dismissing her claims against Carla Hartenstine and her insurer, State Farm Mutual Automobile Insurance Company (State Farm), based on a jury's finding that Ms. Hartenstine was not at fault in the car accident on which Ms. Lockett's personal injury and property damage claims were based. We affirm the judgment and issue this opinion in accordance with Uniform Court of Appeal Rule 2-16.1(B).
On November 14, 2005, a two-car accident occurred on an entrance roadway on the premises of the Mall of Louisiana in Baton Rouge. Ms. Hartenstine was the driver of a vehicle heading into the mall on the two-lane roadway, and Ms. Lockett was the driver of a vehicle going in the opposite direction, leaving the mall and approaching Ms. Hartenstine in the other lane of that roadway. At some point, the two cars sideswiped each other, resulting in scratches along the driver's side of Ms. Lockett's Jaguar; Ms. Hartenstine's car was not damaged. Ms. Lockett sued for property damages and for personal injuries she attributed to the accident.
Both parties testified at a jury trial concerning how the accident happened. Ms. Hartenstine stated that Ms. Lockett was coming toward her at about 25-30 miles-per-hour and was partially over the yellow dividing line into her lane of travel when the contact occurred. She tried to avoid the accident by turning her wheel to the right, but was unable to completely avoid making contact with Ms. Lockett's car. Ms. Lockett stated she had slowed in a curve to allow some people to cross in front of her; she denied moving into the opposite lane of travel and said the impact occurred "[i]n the right lane that I was in." She also said that Ms. Hartenstine had repeatedly apologized to her, stating that she had not been paying attention, was in a hurry, and was looking for a parking place. However, Ms. Hartenstine testified that she was not in a hurry, was paying attention, and was nowhere near the store location where she intended to park. There were no other witnesses concerning the manner in which the accident occurred. The only other evidence that might have a bearing on this issue consisted of photographs of the two vehicles, showing scratches all along the driver's side of Ms. Lockett's car, and no damage at all to Ms. Hartenstine's car.
Basically, although neither witness gave a very good description of how the accident occurred, their descriptions clearly differed. The jury obviously accepted Ms. Hartenstine's version of the facts, as they unanimously found she was not at fault in the accident. A judgment incorporating the jury verdict was signed on April 10, 2008, dismissing Ms. Lockett's claims against Ms. Hartenstine and State Farm. Ms. Lockett contends in this appeal that the jury's finding was not reasonable, was manifestly erroneous or clearly wrong, and that a review of the record in its entirety shows the trier of fact reached an unreasonable conclusion on the issue of fault.
A determination of the allocation of fault by the trier of fact is a factual finding and cannot be overturned in the absence of manifest error. Barsavage v. State, Through Dep't of Transp. & Dev., 96-0688 (La. App. 1st Cir. 12/20/96), 686 So.2d 957, 962, writs denied, 97-0595 and 97-0634 (La. 4/18/97), 692 So.2d 455 and 456. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the jury's finding, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the jury's finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a jury's factual finding only if, after reviewing the record in its entirety, it determines the jury's finding was clearly wrong. See Stobart v. State, through Dep't of Transp. and Dev., 617 So.2d 880, 882 (La. 1993). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Lockett v. State. Dept. of Transp. and Dev., 03-1767 (La. 2/25/04), 869 So.2d 87, 95. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Williams v. City of Baton Rouge, 02-0682 (La. App. 1st Cir. 3/28/03), 844 So.2d 360, 366.
Having reviewed the record, we find no manifest error in the jury's finding that Ms. Hartenstine was not at fault in causing the accident sued upon. Either version of the factual situation resulting in the accident is reasonable and permissible. Therefore, the jury's choice between them cannot be manifestly erroneous. Nor does our review of the record support Ms. Lockett's argument on appeal that Ms. Hartenstine conceded fault during her testimony. There are no such concessions or admissions in her testimony. Ms. Hartenstine's factual admission that she struck Ms. Lockett's vehicle does not constitute an admission that she was legally at fault in striking the vehicle.
Accordingly, we affirm the judgment that dismissed all of Ms. Lockett's claims against Ms. Hartenstine and State Farm, assess all costs of this appeal to Ms. Lockett, and issue this opinion in accordance with Uniform Court of Appeal Rule 2-16.1(B).
AFFIRMED.